The Honorable Jerry Taylor State Senator 6203 Ridgewood Dr. Pine Bluff, AR 71603-7738
Dear Senator Taylor:
I am writing in response to your request for an opinion on the following:
 Two Cleveland County elected officials and two Cleveland County employees either entered the APERS DROP program and remained in their positions or retired for at least 30 days and returned to their positions. The Quorum Court voted to pay these individuals, in addition to their regular salaries, an amount equal to the amount that the county would have contributed to each employee's APERS account had the employee not entered the DROP or retired. This additional compensation is deposited into either an IRA or a personal savings account. If these increases were to be considered salary, the salaries of the elected officials would still be below the maximum salaries allowed pursuant to Arkansas Code Annotated § 14-14-1204. In addition, these amounts are included on these individuals' W-2s and taxes are withheld. Can the county legally pay these individuals this additional compensation?
RESPONSE
I assume as an initial matter that the two employees are the ones who retired and returned to their positions, and that the elected officials participate in APERS DROP (the Arkansas Public Employees' Retirement System Deferred Retirement *Page 2 
Option Plan, A.C.A. §§ 24-4-801 — 806 (Repl. 2000 and Supp. 2005)). This necessarily follows from that fact that to be eligible for retirement, the county officials would have to terminate covered employment for at least ninety (90), rather than thirty (30) days as referenced in your request for my opinion. See A.C.A. § 24-4-520(b)(2) (Supp. 2005).[1]
In response to your question, I have some concern that the Quorum Court's action in authorizing these payments may contravene the following statutory proscription:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
 Any legislative act that applies to or affects the provision of collective bargaining, retirement, workers' compensation, or unemployment compensation.
A.C.A. § 14-14-805(2) (Repl. 1998) (emphasis added). *Page 3 
I am not prepared officially to opine that the payments would necessarily constitute a violation of this statute. The highlighted phrase "applies to or affects the provision of . . . retirement" is not further explained or defined, and the Arkansas courts have not interpreted this language. A thorough factual review may also be necessary in order to definitively resolve the question. In my opinion, however, the payment of what might be viewed as supplemental retirement benefits is suspect under subsection 14-14-805(2).
Retirement clearly is among the powers that are expressly denied to counties according to A.C.A. § 14-14-805(2). As my immediate predecessor observed, "state law occupies the entire field of regulation of this topic leaving no authority for a . . . county to regulate." Op. Att'y Gen. 2005-024.[2] Merely recognizing the broad proscription against local legislation in this area does not, however, resolve your particular question concerning the "additional compensation" at issue. It seems clear, on the one hand, that there is no general prohibition against the payment of these amounts as part of thecompensation allowed to the two employees and the two elected officials, as long as the Quorum Court acts by specific appropriation to allow such compensation. See A.C.A. § 14-14-1203(a) ("All compensation allowed to county officers and employees must be made only on specific appropriation[;]") A.C.A. § 14-14-1206(a) (quorum court shall "by ordinance, fix the number and compensation of all county employees"); Ark. Const. amend. 55, § 4 (vesting Quorum Court with power to "fix the number and compensation of deputies and county employees.)[3] *Page 4 
I am nevertheless concerned, on the other hand, that authorizing these payments as compensation separate and apart from the two employees' fixed compensation and the two officers' fixed salaries implicates A.C.A. § 14-14-805(2), supra. Specifically, the question arises whether by paying these amounts only to those who have entered APERS DROP and to those who have retired and returned to employment, the Quorum Court has in effect instituted an additional retirement plan or benefit. Such action would clearly be contrary to subsection 14-14-805(2). I note in this regard that DROP participants do not receive a benefit until they separate from service. A.C.A. § 24-4-804 (Supp. 2005).[4] Singling out the DROP participants for these payments might be interpreted as authorizing a current retirement benefit for those whose retirement has been deferred pursuant to another plan. Similarly, regarding the employees who are currently receiving an annuity from APERS, having met the termination requirement under A.C.A. § 24-4-520, supra, the additional "compensation" of these discrete employees might be viewed as a supplemental annuity.
This view of the matter may be reinforced by depositing the funds into either an IRA or a personal savings account. I do not know why the County is conditioning or limiting the deposit of the funds in this manner, but it further suggests the possibility of another employer-supported retirement plan. This handling of the funds also prompts me to note the general proscription against County contributions to any other retirement plan. The legislature has articulated a "sound public policy to limit contributions by public employers to one state-authorized retirement plan." A.C.A. § 24-4-106(a)(1)(A) (Supp. 2005). See Op. Att'y Gen. 2000-031.
To the extent, therefore, that the limited facts before me suggest that the Quorum Court may, through these payments, be supplementing the retirement of these individuals, such action is in my opinion suspect under A.C.A. § 14-14-805(2). *Page 5 
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Section 24-4-520 provides in relevant part:
 (a) Except as provided in subsection (c) of this section, a member of the Arkansas Public Employees' Retirement System shall terminate covered employment to be eligible for retirement.
 (b) A member shall not be terminated from employment for retirement purposes if the person:
 (1) Returns to employment in a position covered under the system within thirty (30) days of the person's effective date of retirement; or
 (2) Is a member with service credit under § 24-4-521 at a rate of two (2) or more years of credited service for each year of actual service and the person returns to employment in a position covered under the system within ninety (90) days of the person's effective date of retirement.
(Emphasis added).
Elected county officers have service credit at two (2) times the regular rate, pursuant to A.C.A. § 24-4-521(b)(5) (Supp. 2005). Consequently, to be eligible for retirement, they must terminate covered employment for at least ninety (90) days in accordance with the above-emphasized subsection 24-4-520(a)(2).
[2] County officers and employees are included in the membership of the Arkansas Public Employees' Retirement System (APERS). See A.C.A. §§ 24-4-302 (Supp. 2005) (requiring counties to include their officers and employees in APERS) and-301(b) (providing that all county officers and employees shall become members of APERS as a condition of continuing in or obtaining county employment).
[3] According to my review, there is no general proscription against additional compensation for county elected officials, such as that pertaining to members of the Quorum Court. See A.C.A. § 14-14-1205(c) ("No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter."). See Massongill (holding invalid a county ordinance which provided Quorum Court members with health insurance benefits to compensate them for rendering judicial duties). Accordingly, but for the potential proscription contained in A.C.A. § 14-14-805(2),supra, the payments would appear to be authorized. As you seem to recognize, however, I believe the payments in question would be included in determining whether the county officials' "salaries" exceed the statutory maximum. See A.C.A. § 14-14-1204 (Supp. 2005).
[4] The deferred benefit is "the monthly benefit to which the member would have been entitled if the member had . . . actually retired. . . ." A.C.A. § 24-4-803(a)(1) (Supp. 2005). APERS DROP is available to those members with thirty years of service, or perhaps twenty eight years, depending upon the System rules and regulations. Id. at-801(c). Such members may elect to participate in DROP in lieu of terminating employment and accepting a retirement benefit. Id. at (a). Under the program, the individual continues employment, but employee and employer contributions to APERS on behalf of the member cease; and a certain percentage of the monthly benefit to which the member would have been entitled if he or she had retired is paid into the member's DROP account. Id. at-803. Upon separation from service, the member may elect to receive the balance in the DROP account as either a lump sum or a monthly benefit. Id. at-804.